# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEDRICK LOCKRIDGE, <br><br> Petitioner, <br><br> v. <br><br> DEBBIE ASUNCION, Warden, <br><br> Respondent. | Case No. CV 16-8352 MRW <br><br> **ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court grants the Attorney General's unopposed motion to dismiss this habeas action as untimely.

\* \* \*

1. Petitioner filed this habeas action under 28 U.S.C. § 2254 to challenge his state court conviction for attempted murder and other charges.

2. According to the Attorney General's submission (Docket # 13), the following dates are relevant to evaluating the timeliness of Petitioner's action:

   a. February 11, 2015 – Review denied in state supreme court on direct appeal;

   b. May 12, 2015 – Conviction became final (expiration of certiorari period);

   c. April 27, 2016 – Petitioner filed habeas action in superior court;

   d. May 18, 2016 – Relief denied;

   e. June 9, 2016 – Petitioner filed habeas action in appellate court;

   f. July 1, 2016 – Review denied (untimely action);

   g. July 18, 2016 – Petitioner filed habeas action / petition for review in supreme court;

   h. August 31, 2016 – Review denied (no explanation)

   i. November 9, 2016 – Petitioner filed federal action.

  3. In March 2017, the Attorney General moved to dismiss the federal action as untimely and for failure to properly exhaust his claims. (Docket # 13.) Petitioner failed to file a response to the motion. (Docket # 15.) The Court then issued an order to show cause why the motion should not be granted as unopposed pursuant to Local Rule. (Docket # 17.) Petitioner failed to respond to that order, too.

            \* \* \*

  4. Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when state court appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); <u>Lee v. Lampert</u>, 653 F.3d 929, 933 (9th Cir. 2011). The limitations period is tolled when a prisoner "properly" files an application for state post-conviction review (statutory tolling) and during the period of time between such state habeas proceedings (gap tolling). 28 U.S.C. § 2244(d)(2).

5. The Court generally agrees with the Attorney General's calculation of Petitioner's filing deadline in this action. Petitioner's conviction became final in May 2015. That meant that he needed to file his federal case within one year (or May 2016). Instead, just before the expiration of the AEDPA one-year limit, he began seeking habeas relief in state court. Petitioner is likely entitled to a limited amount of statutory tolling for his superior court action.

6. However, that tolling (three weeks) would move his federal deadline to early June 2016. The Attorney General correctly explains that Petitioner is not entitled to further tolling due to the independent state court finding that his later actions were untimely – and therefore not properly filed under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Curiel v. Miller, 830 F.3d 864, 864, 868 (9th Cir. 2016) (en banc). He missed his extended filing date by five months. The action is untimely.

7. Alternatively, though, let's suppose that the state supreme court decision somehow silently could be construed as finding Petitioner's action as timely. If so, that ruling could be considered as overruling the appellate court's timeliness decision. Curiel, 830 F.3d at 869-70. As a result, Petitioner could plausibly be entitled to additional statutory and gap tolling for his federal case.

8. But not enough. Even under Petitioner's best case scenario (that is, this Court reading the state supreme court decision in the most charitable way possible), he's still two months late. The Court independently calculates that Petitioner could only be entitled to 126 days of tolling from April through August 2016. That would extend the federal filing date from May to September 2016. Petitioner still missed that by two months – he didn't file until November. The action remains untimely.

9. As an additional basis for dismissal, the Court notes that the Attorney General's motion is unopposed. Local Rule of Court 7-9 requires a party to file a

memorandum stating the basis for that party's opposition to a motion.  Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion."

10. The Court clearly informed Petitioner of this requirement in previous orders.  Petitioner did not file a response that addressed the Attorney General's argument.  Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the action.

Accordingly, for the above reasons, this action is DISMISSED with prejudice under 28 U.S.C. § 2244 and Local Rule 7-12.[1]

IT IS SO ORDERED.

Dated: June 12, 2017

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court declines to address the Attorney General's argument regarding the failure to properly exhaust claims in state court.